USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA,          :

                                               : 13-CR-339-2 (VEC)
        -against-                      :
                                               : OPINION & ORDER
MATTHEW TEEPLE,                      :
                      Defendant.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       On May 28, 2014, Matthew Teeple pled guilty to conspiring to commit securities fraud by engaging in insider trading, in violation of 18 U.S.C. § 371. On June 16, 2014, Teeple consented to a preliminary order for forfeiture in the amount of $553,890 (Dkt. 157). On October 16, 2014, the Honorable Robert P. Patterson sentenced Teeple to sixty months of imprisonment with one year of supervised release and imposed a fine of $100,000 plus the mandatory $100 assessment (Dkt. 224), which Teeple paid on February 6, 2015 (Dkt. 248). On January 8, 2015, Judge Patterson ordered Teeple to pay $63,799 in restitution to victim Brocade Communications Systems, Inc. ("Brocade") pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, *et seq.* (Dkt. 241).

       On February 29, 2016, Teeple filed a letter motion to reduce to $40,000 the amount of restitution he is required to make (Dkt. 276). According to Teeple, Brocade has agreed to accept a single lump sum payment of $40,000 in lieu of receiving $63,799 over an extended period of time. The Government opposes Teeple's motion. Because this Court lacks authority under the MVRA to reduce the restitution amount, Teeple's motion is DENIED.

## DISCUSSION

The MVRA requires the sentencing court to order a defendant to pay restitution to victims if convicted of "any offense . . . committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. § 3663A(c)(1); *see also* 18 U.S.C. § 3663A(a)(1) ("Notwithstanding any other provision of law . . . the court *shall* order . . . that the defendant make restitution to the victim of the offense . . . .") (emphasis added). Specifically, the MVRA mandates that the sentencing court order a defendant to make restitution to the victim for the *full amount* of the victim's losses, regardless of the defendant's ability to pay. 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.").

Under the MVRA, there is only one exception to ordering full restitution;[1] namely, a court may order

> the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

18 U.S.C. § 3664(f)(3)(B).[2] To the extent the MVRA gives courts any additional discretion, it is only to determine and adjust the payment schedule. *See* 18 U.S.C. § 3664(f)(2) ("[T]he court

---

[1] The Court notes that a defendant may satisfy payment of the full restitution amount in the form of services to the victim, if a court so orders. 18 U.S.C. § 3664(f)(4)(c). In addition, if a victim receives compensation from insurance or any other source with respect to the loss or wins compensatory damages for the same loss in any federal or state civil proceeding, the restitution amount owed to the victim must be reduced by the amount already paid to the victim. 18 U.S.C. § 3664(j)(1)-(2). Ultimately, however, in any of those scenarios, the victim receives full payment, and thus they do not qualify as exceptions to the requirement that the sentencing court must order full restitution to the victim.

[2] Teeple's economic circumstances do not warrant allowing him to make nominal periodic payments pursuant to this provision, nor does Teeple argue that he is eligible for this exception under the MVRA.

shall specify . . . the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of" the defendant's current and projected financial circumstances.); 18 U.S.C. § 3664(k) ("[T]he defendant shall notify the court . . . of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay . . . . Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."); *see also United States v. Hagerman*, 506 F. App'x 14, 21 (2d Cir. 2012) (holding that the "district cannot consider ability to pay in determining the amount of any restitution award" but must do so in setting a payment schedule (citations omitted)).

The MVRA also enumerates the means by which a court may modify a restitution order. Subsection (o) states:

> (o ) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> > (1) such sentence can subsequently be—
> >
> > > (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> > > (B) appealed and modified under section 3742;
> > > (C) amended under subsection (d)(5); or
> > > (D) adjusted under section 3664(k); 3572, or 3613A; or
> >
> > (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o). Rule 35 permits a court to correct a sentence that resulted from arithmetical, technical, or other clear error; Section 3742 concerns appeals of sentences and resentencing after such appeals; Section 3664(d)(5) concerns losses unascertainable at the time of sentencing; Section 3664(k) concerns adjustments to the payment schedule based on a change in the defendant's financial condition; Section 3572 concerns the relation between the imposition of a fine and restitution; Section 3613A concerns the effect of a default on restitution payments;

3

Section 3565 concerns revocation of probation; and Section 3614 concerns resentencing upon a failure to pay restitution. *United States v. Wyss*, 744 F.3d 1214, 1218 (10th Cir. 2014). Teeple's situation does not fall within any of the provisions in 18 U.S.C. § 3664(o) authorizing a court to modify a restitution order.

Although the Second Circuit has not decided the issue, other courts in this Circuit and other Circuits have held that, under the MVRA, courts do not have the authority to remit or reduce restitution absent satisfaction of one of the exceptions delineated in 18 U.S.C. § 3664(o). *See, e.g.*, *United States v. Puentes*, 803 F.3d 597, 606-10 (11th Cir. 2015); *United States v. Wyss*, 744 F.3d at 1217-19; *United States v. Roper*, 462 F.3d 336, 337-40 (4th Cir. 2006); *United States v. Rodriguez*, No. 01 CR. 497 (RMB), 2008 WL 5203722, at *2 (S.D.N.Y. Dec. 11, 2008); *United States v. Barskie*, No. 02-CR-975 (NGG), 2007 WL 1756133, at *5 (E.D.N.Y. June 18, 2007); *United States v. Hamburger*, 414 F. Supp. 2d 219, 224-25 (E.D.N.Y. 2006); *Mazzola v. United States*, No. 02 CIV. 7320 (RCC), 2004 WL 1810656, at *6 (S.D.N.Y. Aug. 12, 2004). Furthermore, the Court is not aware of any case law, nor has Teeple pointed to any, holding that courts have authority to reduce or remit restitution orders issued under the MVRA.[3] In addition, although Teeple emphasizes that the victim, Brocade, consents to—and even prefers—the reduced but more prompt restitution payment, the MVRA requires full restitution "regardless of

---

[3]  The cases cited by Teeple are inapposite. They reflect district courts' "very broad discretion in setting the [payment] schedule," *United States v. Corbett*, 357 F.3d 194, 195 (2d Cir. 2004) (citation omitted), but they do not address district courts' authority to reduce the ordered restitution amount, as Teeple is requesting here. *See Hagerman*, 506 F. App'x at 21 (directing the district court to consider the defendant's financial circumstances in setting a restitution *payment schedule*—not in setting the restitution amount); *United States v. Castillo*, 93 Fed. App'x 273, 275 (2d Cir. 2004) (affirming sentence imposing restitution to be paid at rate of 10% gross monthly income over the period of supervision and not disturbing district court's order that defendant pay her one-third share of full restitution owed by the three defendants (*See United States v. Suarez*, 253 F. Supp. 2d 662, 663 (S.D.N.Y. 2003))); *United States v. Zaidman*, 12-cr-00171 (JPO), Dkt. #1247 (ordering payment of full restitution of $2,114,870.12 to be paid in increments of 10% of the defendant's gross monthly income during her three year supervised release). The Court acknowledges that in many cases the payment schedule makes obvious that the ordered restitution will never be fully repaid. Even so, the Court is unaware of any decision—in the Southern District of New York or elsewhere—that reduces the restitution obligation of a defendant who is fully capable of fully repaying the amount as ordered.

the consent of the victims," *United States v. Johnson*, 378 F.3d 230, 245 (2d Cir. 2004).[4] In short, pursuant to the MVRA, this Court does not have the authority to reduce the restitution amount owed by Teeple, and none of the conditions in 18 U.S.C. § 3664(o) apply in this case.

Finally, even if this Court did have the authority to reduce the total restitution owed by Teeple and even if the MVRA permitted this Court to consider Teeple's ability to pay in setting the restitution amount, Teeple has not made an adequate showing that he is unable to pay the restitution amount as ordered. Teeple's attorney stresses the fact that, utilizing the projected expenses and disclosed assets contained in the Pre-Sentence Report ("PSR"), his family's negative cash flow will, given the period of his incarceration, seriously deplete his savings. First, the Court notes that Teeple did not submit an affidavit or other sworn statement demonstrating that the negative cash flow projected in the PSR has actually occurred. The Court notes that Teeple's wife is a medical doctor with substantial earning power, and the family home had substantial equity at the time of the PSR, which has likely increased since then. The Court does not quarrel with any family decision not to sell the house or for his wife to continue to work

---

[4] It should be noted that Teeple does not seek to amend the restitution order in order to set a lump sum payment to be paid immediately that is equal to the present value of the full restitution amount paid over time at current discount rates. Had he made that proposal, it might have presented different issues.

part time, but those decisions do not equal financial distress that should cause the Court to modify Teeple's obligation to pay full restitution to the victim of his crime.

## CONCLUSION

For the above-stated reasons, Teeple's motion to reduce restitution is DENIED. The Clerk of the Court is respectfully directed to terminate docket entries 276 and 280.

**SO ORDERED.**

**Dated: April 5, 2016**
      **New York, NY**

                                                  **VALERIE CAPRONI**
                                                  **United States District Judge**